## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL BLAIR and DENISE BLAIR, et. al.     )
                                           )

                 Plaintiffs,          )
                                           )

vs.                                    )     Case No. 5:08-cv-360
                                           )

UNION PACIFIC RAILROAD COMPANY,     )
   a Delaware Corporation;               )

                                           )

               Defendant       )

## PLAINTIFFS' INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS TO DEFENDANT UNION PACIFIC RAILROAD

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiffs Michael Blair and Denise Blair submit the following Interrogatories, Requests for Production and Requests for Admissions (hereinafter "First Discovery") to Defendant Union Pacific Railroad Company. You are required to answer the First Discovery separately and fully under oath, and to serve a copy of the answers upon counsel for Plaintiffs within thirty (30) days after service of the First Discovery.

## INSTRUCTIONS

1.     The following First Discovery, submitted to Defendant pursuant to Fed. R. Civ. P. 33, 34, and 36 shall be answered separately and fully under oath within thirty (30) days of service hereof.

2.     These discovery requests seek information relating to the facts surrounding and pertaining to the allegations contained in the First Amended Complaint and the Answer and any Counterclaims in this action.

1

3. The singular shall include the plural and vice versa, and the conjunctive shall include the disjunctive and vice versa, in order to give these interrogatories the broadest scope.

4. In answering the First Discovery, all information is to be divulged which is within the knowledge, possession or control of you, your attorneys and agents, or may be reasonably ascertained by you or them. If any part of the First Discovery is objected to, the specific reasons for the objection shall be stated and the First Discovery shall be initially responded to at least to the extent not objected to.

5. The First Discovery shall be deemed continuing, insofar as permitted by the Federal Rules of Civil Procedure, and supplemental answers shall be required if you or your attorney, directly or indirectly, obtain further information of the nature sought herein, between the time the answers are served and the time of trial.

6. If, in answering any of the following First Discovery, the Defendant has not identified any document or other tangible thing because it is claimed to be privileged, state separately with respect to each document or tangible thing as to which privilege is claimed:

     (a)    the number and subparagraph calling for identification;

     (b)    the date of each such document and/or tangible thing;

     (c)    the name of the person who signed or prepared each such document;

     (d)    the name of each person or concern to whom any such document was given or sent;

     (e)    the name and address of the person having possession, custody or control of each such document or tangible thing;

     (f)    the nature of each tangible thing; and

     (g)    the grounds for the claimed privilege as to each such document or tangible thing.

## DEFINITIONS

A.    "Defendant," "Union Pacific Railroad Company," "Union Pacific," "You," or "Your" shall refer to the Defendant, Union Pacific Railroad Company, and any of its successors, assigns, agents, contractors, subcontractors, officers, directors, servants, employees, representatives, legal counsel, investigators, and all other persons acting on behalf or purporting to act on behalf of said Defendant.

B.    "Plaintiff" or "Plaintiffs" shall refer to the Plaintiffs named in the First Amended Complaint.

C.    As used herein, "document" and "writing" shall have the meaning ascribed in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, any written or graphic matter or any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be recorded, which is or has been in your possession, control, or custody or of which you have knowledge, including, but not limited to, the original and any non-identical copy (whether different from the original because of any notes made on said copy or otherwise) of any advertising literature; agreement; bank record or statement; blueprint; book; book of account; booklet; brochure; calendar; chart; check; circular; coding form; communication (intra- or inter-company); computer printout; computer readable form; contract; copy; correspondence; electronic mail, data base; diary display; draft of any document; drawing; film; file; transparency; flyer; forecast; graph; index; instruction; instruction manual or sheet; invoice; job requisition; letter; license; magnetic media of all kinds (including, but not limited to, disks, tapes or other media) containing computer software with supporting indices, data, documentation, flow charts, comments, object code, source code, and computer programs relating thereto; manual; map; memorandum; minutes;

newspaper or other clipping; note; notebook; opinion; pamphlet; paper; periodical or other publication; photograph; price list; print; printed circuit board; promotional literature; receipt; record; recorded Read-Only-Memory (ROM); recording; report; solicitation; statement; statistical compilation; stenographic notes; study; summary (including any memoranda, minutes, notes, records, or summary of any (a) telephone or intercom conversation or message, (b) personal conversation or interview, or (c) meeting or conference); telegram; telephone log; travel or expense records; video recording; video tape; voice recording; voucher; worksheet or working paper; writing or other handwritten, printed, reproduced, recorded, typewritten, or otherwise produced graphic material from which the information required may be obtained, or any other documentary material of any nature, in your possession, custody or control.

D.      As used herein, "person" shall mean an individual, firm, partnership, corporation, division, proprietorship, joint venture, association, or any other organization or entity.

E.      The terms "relate" or "relating to" are used in the broadest sense and shall mean to refer to, discuss, involve, reflect, deal with, consist of, represent, constitute, emanate from, be directed at, or any way to pertain, in whole or in part, to the subject.

F.      "Communicate" or "communication" shall refer to every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery or otherwise.

G.      The terms "affiliate of Union Pacific," "affiliate of defendant," and "your affiliates" shall refer to and include any and all divisions, subsidiaries, or joint ventures of Union Pacific Railroad Company, as well as any and all corporations, companies, associations,

organizations, or other entities owned or controlled by Union Pacific Railroad Company or which own or control Union Pacific Railroad Company.

H.    "You" or "your" shall refer to the Defendant, Union Pacific Railroad Company, and any of its respective successors, assigns, agents, servants, employees, representatives, legal counsel, investigators, and all other persons acting on behalf or purporting to act on its behalf.

I.    "Meeting" shall refer to any assembly, convocation or encounter, or contemporaneous presence of two or more persons for any purpose, whether or not planned, arranged or scheduled in advance.

J.    "Policy" shall refer to any rule, procedure, directive, practice of course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was recognized by you.

K.    "Subsidiary" shall refer to any person or entity in which you own a majority interest or over which you have control of policies or decisions.

L.    "Predecessor" shall refer to any person or entity under which you have previously transacted business, or to whose interest in any business or property you have succeeded.

M.    "Successor" shall refer to any person or entity which has succeeded to your interest in any business or property (real or personal).

N.    "Identify" or "identification," when used with reference to an individual person means to state their full name, residential address, telephone number, and their present or last known employer and position.

"Identify" or "identification," when used in reference to a corporation, firm or other entity, means its full name, firm or organization, and its present or last known address.

"Identify" or "identification," when used in reference to a document or writing, means a description of that writing in a manner sufficient for a subpoena duces tecum or for production pursuant to the Federal Rules of Civil Procedures. Also give its present location or custodian. If any such writing was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, the person responsible for making the decision as to such disposition, and the person responsible for carrying out such disposition.

"Identify" or "identification," when used in reference to a meeting or conference, means to state the date of the meeting or conference, the place of the meeting or conference, the full name and the present or last known position, business affiliation and residential address of each person attending the meeting or conference.

"Identify" or "identification," when used in reference to a telephonic conversation, means to state the full name, business affiliation and business address at the time, present or last known position and business affiliation and residential address of each party to the telephonic conversation, the location of each such party at the time the telephonic conversation took place, which of the parties initiated the telephonic call, and when such telephonic conversation took place.

"Identify" or "identification," when used in reference to an oral conversation other than telephonic conversation, means to state when such conversation took place, where such conversation took place, and the full name and present or last known position and business affiliation and residential address of each party to such conversation.

O.    "Kingfisher" shall refer to the town of Kingfisher, Kingfisher County, Oklahoma.

P.    The words "occurrence" or "incident" shall be taken to refer to the incident described in the Plaintiffs' First Amended Complaint which occurred on or about August 19, 2007, and which is the subject of this lawsuit.

Q.    "Railroad bed" or "roadbed" is defined as a foundation of earth or rock supporting a railroad track.

R.    The term "historical records" refers to any document, as defined herein, regardless of its age or when it was created.

## INTERROGATORIES

**INTERROGATORY NO. 1:**   State the full name, address, and title of each person answering these Interrogatories on behalf of the Defendant.

**INTERROGATORY NO. 2:**   State the full name and current address of each consulting expert whose report or work product was or will be reviewed by any testifying expert witness whom you expect to call at the trial of this case.

**INTERROGATORY NO. 3:**   List all government, industry, or safety organization standards, codes or regulations, which to your knowledge control and/or pertain to the design, construction, repair, alteration and/or maintenance of Defendant's railroad embankments, grades, roadbeds, tracks, bridges and/or trestles.

**INTERROGATORY NO. 4:**   Describe with specificity which blueprints, engineering reports, or design specifications the Defendant has in its possession that pertain or relate to the design, construction, maintenance, repair and/or alteration of Defendant's or its predecessor's tracks, roadbeds, grades, embankments, bridges or trestles located within Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33.

**INTERROGATORY NO. 5:** State whether the Defendant has conducted or caused to be conducted any investigation or study of the occurrence in question. If so, please give the date of such investigation and the name, employer, and job title of the person who conducted such investigation.

**INTERROGATORY NO. 6:** Describe in detail all work conducted by or on behalf of the Defendant or its predecessors related to the design, construction, maintenance, repair and/or alteration of its bridge and/or trestle that crosses Kingfisher Creek in Kingfisher County, Oklahoma within the past fifteen (15) years.

**INTERROGATORY NO. 7:** Describe in detail, including the dates and locations, all work conducted by or on behalf of the Defendant or its predecessors relating to the design, construction, maintenance, repair and/or alteration of Defendant's line of railroad bed, track, bridges, and trestles within Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33, within the past fifteen (15) years.

**INTERROGATORY NO. 8:** Identify all engineering firms, architects, contractors, and subcontractors who have been hired or employed by the Defendant or its predecessors to design, construct, repair, alter, and/or maintain the Defendant's track, trestles, bridges, embankments, grades and roadbeds within Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33, within the past fifteen (15) years.

**INTERROGATORY NO. 9:** If you have entered into or reached any type of settlement agreement with any person or entity (whether a party to this lawsuit or not) regarding the

incident made the basis of this lawsuit, please identify all parties to said settlement agreement and the terms and conditions of such settlement agreement.

**INTERROGATORY NO. 10:** Identify all employees, agents, representatives, and/or contractors of the Defendant or its predecessors who performed work, supervised or directed the design, construction, repair, alteration, or maintenance of the Defendant's tracks, trestles, bridges, grades, railroad beds, and embankments within Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33, within the fifteen (15) years prior to the incidents that made the basis of this suit.

**INTERROGATORY NO. 11:** Identify all employees, agents, representatives, and/or contractors of the Defendant who performed work or supervised or directed the design, construction, repair, alteration, or maintenance of the Defendant's or its predecessor's tracks, trestles, bridges, grades, railroad beds and embankments within Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33, subsequent to the incidents that made the basis of this suit.

**INTERROGATORY NO. 12:** Describe in detail all work performed by Defendant, its employees, agents, and/or contractors to repair Defendant's or its predecessor's tracks, trestles, bridges, grades, railroad beds and embankments within Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33, that were damaged as a result of the incident made the basis of this lawsuit.

**INTERROGATORY NO. 13:** Identify all employees, agents, representatives, or contractors of the Defendant who may have personal knowledge of the incident made the basis of this lawsuit.

**INTERROGATORY NO. 14:** Provide the complete factual bases upon which the Defendant relies which sustain each of the Defendant's affirmative defenses (Defendant is instructed to address each affirmative defense individually).

**INTERROGATORY NO. 15:** Identify all employees, agents, representatives, or contractors of Defendant who were present in Kingfisher County on the day of the incident made the basis of this lawsuit.

**INTERROGATORY NO. 16:** Identify all employees, agents, representatives, or contractors of Defendant who observed the breaching of Defendant's track by flood waters in Kingfisher County on the day of the incident made the basis of this lawsuit.

**INTERROGATORY NO. 17:** Identify the owner or owners of the real property upon which Defendant's or its predecessor's tracks, trestles, bridges, grades, railroad beds and embankments lie within Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents which evidence or reflect any and all communication between Defendant or its predecessors, or any of their employees, agents, representatives, or contractors, and any of the entities listed in response to Interrogatories number 4, 9, 11, and 12 that relate to the operation, ownership, design, construction, repair, alteration, and/or maintenance of the Defendant's tracks, trestles, bridges, grades, railroad beds

and/or embankments within Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33, for the past fifteen (15) years.

**REQUEST FOR PRODUCTION NO. 2:** All studies and reports prepared by Defendant or any of its employees, agents, representatives, or contractors which have been prepared in connection with this lawsuit or the incidents giving rise to this lawsuit.

**REQUEST FOR PRODUCTION NO. 3:** All settlement agreements or releases wherein the Defendant has arrived at a settlement or agreement between the Defendant and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

**REQUEST FOR PRODUCTION NO. 4:** All documents, as that term is defined herein, or other tangible things which may be used or offered at trial by the Defendant.

**REQUEST FOR PRODUCTION NO. 5:** All blueprints, plans, designs, drawings, reports, studies, or other documents which pertain to the construction, repair and maintenance of Defendant's or its predecessor's bridge and/or trestle that crosses over Kingfisher Creek in the town of Kingfisher, Kingfisher County, Oklahoma, during the past fifteen (15) years.

**REQUEST FOR PRODUCTION NO. 6:** All blueprints, plans, designs, drawings, reports, studies, or other documents which pertain to the construction, repair and maintenance of Defendant's or its predecessor's tracks, trestles, bridges, embankments, grades and roadbeds within Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33, during the past fifteen (15) years.

**REQUEST FOR PRODUCTION NO. 7:** All blueprints, plans, designs, drawings, reports, studies, or other documents which pertain to the original design and/or construction of Defendant's or its predecessor's bridge/and or trestle that crosses over Kingfisher Creek in the town of Kingfisher, Kingfisher County, Oklahoma.

**REQUEST FOR PRODUCTION NO. 8:** All blueprints, plans, designs, drawings, reports, studies, or other documents which pertain to the original design and/or construction of Defendant's or its predecessor's line of railroad track within Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33.

**REQUEST FOR PRODUCTION NO. 9:** All historical records, including but not limited to blueprints, plans, designs, drawings, reports, studies, or other documents pertaining to the design, construction, maintenance, alteration or repair of Defendant's or its predecessor's line of railroad track within Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33.

**REQUEST FOR PRODUCTION NO. 10:** All photographs and videotapes taken by or in the possession of Defendant pertaining to the incidents that made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 11:** All documents and financial records indicating the net worth of the Defendant for fiscal years 2006 and 2007.

**REQUEST FOR PRODUCTION NO. 12:** All documents and financial records relied upon in calculating the net worth of the Defendant for fiscal years 2006 and 2007.

**REQUEST FOR PRODUCTION NO. 13:** All government, industry, or safety organization standards, codes, or regulations which pertain to the design, construction, repair and maintenance of railroad embankments, grades, roadbeds, tracks, bridges and trestles.

**REQUEST FOR PRODUCTION NO. 14:** All historical records, blueprints, plans, designs, drawings, reports, studies, or other documents pertaining to Defendant's or its predecessor's bridge and/or trestle that cross Kingfisher Creek in Kingfisher County, Oklahoma.

**REQUEST FOR PRODUCTION NO. 15:** All documents identified by Defendant in its responses or relied upon or consulted by Defendant in preparing its responses to this First Set of Discovery, to the extent not otherwise produced.

**REQUEST FOR PRODUCTION NO. 16:** All books and/or documents regarding engineering standards for bridges and/or trestles relied upon by Defendant or its predecessors in construction of railroad bridges and/or trestles in Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33.

**REQUEST FOR PRODUCTION NO. 17:** All documents regarding Maintenance of Way Rules, or other rules and/or guidelines used by Defendant or its predecessors in maintaining the track and/or railroad right-of-way in Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33.

**REQUEST FOR PRODUCTION NO. 18:** All documents regarding bridge and/or track inspection details for the past fifteen (15) years of the Defendant's or its predecessor's track and bridges within Kingfisher County, Oklahoma, from three miles north of the

intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33, during the past fifteen (15) years.

**REQUEST FOR PRODUCTION NO. 19:** All inspection reports covering the Defendant's or its predecessor's track and bridges within Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33, during the past fifteen (15) years.

**REQUEST FOR PRODUCTION NO. 20:** All bridge maintenance records regarding the Defendant's or its predecessor's bridges and/or trestles within Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33, during the past fifteen (15) years.

**REQUEST FOR PRODUCTION NO. 21:** All videotapes of the Defendant's or its predecessor's track route in Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33.

**REQUEST FOR PRODUCTION NO. 22:** All purchase orders, invoices, receipts, and other documents reflecting the purchase, delivery, or use of all materials used by Defendant or its employees, agents, representatives, or contractors used in the construction, repair, alteration, or maintenance of Defendant's or its predecessor's railroad track, railroad beds, embankments, bridges and/or trestles in Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of

Defendant's track and State Highway 33, subsequent to the incident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 23:** All work orders, contracts, and other documents reflecting the construction, repair, alteration, and/or maintenance by Defendant or its employees, agents, or representatives, of Defendant's or its predecessor's railroad track, railroad beds, embankments, bridges and/or trestles in Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33, subsequent to the incident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 24:** All documents reflecting the ownership of the real property upon which Defendant's or its predecessor's tracks, trestles, bridges, grades, railroad beds and embankments lie within Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33.

**REQUEST FOR PRODUCTION NO. 25:** All documents reflecting any type of rental, lease, easement, or purchase of real property upon which Defendant's or its predecessor's tracks, trestles, bridges, grades, railroad beds and embankments lie within Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33.

**REQUEST FOR PRODUCTION NO. 26:** All correspondence and other documents reflecting any communication between Defendant and any of its employees, agents, representatives, contractors, and/or subcontractors reflecting the construction, repair, alteration, and/or maintenance of Defendant's or its predecessor's railroad track, railroad beds,

embankments, bridges and/or trestles in Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33, subsequent to the incident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 27:** All correspondence and other documents reflecting any communication between Defendant or its predecessor and any of their employees, agents, representatives, contractors, and/or subcontractors reflecting the construction, repair, alteration, and/or maintenance of Defendant's or its predecessor's railroad track, railroad beds, embankments, bridges and/or trestles in Kingfisher County, Oklahoma, from three miles north of the intersection of Defendant's track and State Highway 33 to three miles south of the intersection of Defendant's track and State Highway 33, for fifteen (15) years prior to the incident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 28:** All documents which evidence or reflect any and all communication between Defendant or its predecessors, or any of their employees, agents, representatives, or contractors, and the Oklahoma Department of Transportation related to the ownership, operation, construction, repair, alteration, and/or maintenance of Defendant's or its predecessor's railroad track, railroad beds, embankments, bridges and/or trestles in Kingfisher County, Oklahoma.

**REQUEST FOR PRODUCTION NO. 29:** All documents which evidence or reflect any and all communication between Defendant or its predecessors, or any of their employees, agents, representatives, or contractors, and the Oklahoma Corporation Commission related to the ownership, operation, construction, repair, alteration, and/or maintenance of Defendant's or its

predecessor's railroad track, railroad beds, embankments, bridges and/or trestles in Kingfisher County, Oklahoma.

**REQUEST FOR PRODUCTION NO. 30:**  All documents which evidence or reflect any and all communication between Defendant or its predecessors, or any of their employees, agents, representatives, or contractors, and the Oklahoma Secretary of State related to the ownership, operation, construction, repair, alteration, and/or maintenance of Defendant's or its predecessor's railroad track, railroad beds, embankments, bridges and/or trestles in Kingfisher County, Oklahoma.

**REQUEST FOR PRODUCTION NO. 31:**  All documents which evidence or reflect any and all communication between Defendant or its predecessors, or any of their employees, agents, representatives, or contractors, and the Interstate Commerce Commission related to the ownership, operation, construction, repair, alteration, and/or maintenance of Defendant's or its predecessor's railroad track, railroad beds, embankments, bridges and/or trestles in Kingfisher County, Oklahoma.

**REQUEST FOR PRODUCTION NO. 32:**  All documents which evidence or reflect any and all communication between Defendant or its predecessors, or any of their employees, agents, representatives, or contractors, and the Surface Transportation Board related to the ownership, operation, construction, repair, alteration, and/or maintenance of Defendant's or its predecessor's railroad track, railroad beds, embankments, bridges and/or trestles in Kingfisher County, Oklahoma.

**REQUEST FOR PRODUCTION NO. 33:**  All documents which evidence or reflect any and all communication between Defendant or its predecessors, or any of their employees, agents,  representatives, or contractors, and the Federal Railroad Administration related to the

ownership, operation, construction, repair, alteration, and/or maintenance of Defendant's or its predecessor's railroad track, railroad beds, embankments, bridges and/or trestles in Kingfisher County, Oklahoma.

**REQUEST FOR PRODUCTION NO. 34:** All documents which evidence or reflect any and all communication between Defendant or its predecessors, or any of their employees, agents, representatives, or contractors, and the U. S. Department of Transportation related to the ownership, operation, construction, repair, alteration, and/or maintenance of Defendant's or its predecessor's railroad track, railroad beds, embankments, bridges and/or trestles in Kingfisher County, Oklahoma.

**REQUEST FOR PRODUCTION NO. 35:** All studies and reports prepared by any entity, including but not limited to Defendant or any of its employees, agents, representatives, or contractors, which relate to flooding or the potential for flooding in Kingfisher County, Oklahoma.

**REQUEST FOR PRODUCTION NO. 36:** All documents which evidence or reflect any and all communications regarding the incidents made the basis of this lawsuit.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Defendant has been sued under the proper corporate name as set forth in the First Amended Complaint.

**REQUEST FOR ADMISSION NO. 2:** Defendant operates a line of railroad track running through Kingfisher County, Oklahoma.

**REQUEST FOR ADMISSION NO. 3:** Defendant operates a line of railroad track running through the town of Kingfisher, Oklahoma.

**REQUEST FOR ADMISSION NO. 4:** Defendant operates a line of railroad track that crosses Kingfisher Creek in the town of Kingfisher, Kingfisher County, Oklahoma.

**REQUEST FOR ADMISSION NO. 5:** Defendant has exclusive management and control of the maintenance of its line of railroad track in Kingfisher County, Oklahoma.

**REQUEST FOR ADMISSION NO. 6:** Defendant has exclusive management and control of the maintenance of its line of railroad track in the town of Kingfisher, Oklahoma.

**REQUEST FOR ADMISSION NO. 7:** Defendant has exclusive management and control of the maintenance of its line of railroad track that crosses Kingfisher Creek in the town of Kingfisher, Oklahoma.

**REQUEST FOR ADMISSION NO. 8:** Defendant has exclusive management and control of the maintenance of its bridge and/or trestle that crosses Kingfisher Creek in the town of Kingfisher, Oklahoma.

**REQUEST FOR ADMISSION NO. 9:** Defendant has a duty to maintain its track, railroad embankments, railroad beds, bridges and/or trestles within Kingfisher County, Oklahoma.

**REQUEST FOR ADMISSION NO. 10:** Defendant has a duty to maintain its bridge and/or trestle, track and railroad bed that crosses Kingfisher Creek in the town of Kingfisher, Oklahoma.

**REQUEST FOR ADMISSION NO. 11:** The elevation of portions of the railroad bed and track within Kingfisher County, Oklahoma, has increased since it was originally built.

**REQUEST FOR ADMISSION NO. 12:** Since it was originally built, Defendant or its predecessors have increased the elevation of the railroad bed and track that crosses Kingfisher Creek within the town of Kingfisher, Oklahoma.

**REQUEST FOR ADMISSION NO. 13:** Since they were originally built, Defendant or its predecessors have increased the elevation of the railroad beds and track within the town of Kingfisher, Oklahoma.

**REQUEST FOR ADMISSION NO. 14:** Since it was originally built, Defendant or its predecessors have increased the elevation of the bridge and/or trestle that crosses Kingfisher Creek in the town of Kingfisher, Oklahoma.

**REQUEST FOR ADMISSION NO. 15:** Since it was originally built, Defendant or its predecessors have decreased the size of the opening under the bridge and/or trestle that crosses Kingfisher Creek in the town of Kingfisher, Oklahoma.

Respectfully submitted,

Bradley A. Gungoll, OBA#3660
Gungoll, Jackson, Collins, Box, & Devoll, P.C.
323 W. Broadway
Enid, Oklahoma 73702
(580) 234-0436 phone
(580) 233-1284 fax
Email Addresses for Service:
gungoll@gungolljackson.com

Julia C. Rieman, OBA#15337
Gungoll, Jackson, Collins, Box, & Devoll, P.C.
323 W. Broadway
Enid, Oklahoma 73702
(580) 234-0436 phone
(580) 233-1284 fax
Email Addresses for Service:
rieman@gungolljackson.com

Michael E. Smith, OBA No. 8391
Gungoll, Jackson, Collins, Box, & Devoll, P.C.
3030 Chase Tower
100 North Broadway
Oklahoma City, OK 73102
(405) 272-4710 phone

(405) 272-5141 fax
msmith@gungolljackson.com

**Attorneys for Plaintiffs**

## CERTIFICATE OF DELIVERY

I hereby certify that on the 12 day of August , 2008, a true and correct copy of the foregoing document was sent to the following parties via facsimile and/or postage-prepaid First Class mail:

Robert D. Hart
Christopher D. Wolek
Laura Eakens
Gibbs Armstrong Borochoff Millican & Hart, P.C.
601 South Boulder Avenue, Suite 500
Tulsa, Oklahoma
(918) 587-3939 - Phone
(918) 582-5504 - Fax

Bradley A. Gungoll