**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MICHAEL BLAIR and DENISE BLAIR, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-08-360-M |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Before the Court is plaintiffs' Motion to Compel Discovery Responses, filed November 5, 2008. On November 24, 2008, defendant filed its response, and on December 4, 2008, plaintiffs filed their reply. Also before the Court is defendant's Motion for Protective Order, filed November 24, 2008. On December 9, 2008, plaintiffs filed their response, and on December 22, 2008, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    <u>Introduction</u>

On May 16, 2008, plaintiffs filed their First Amended Complaint alleging they suffered significant flood damage to their property located within Kingfisher County, Oklahoma, in the flooding event that began on August 19, 2007, allegedly as a result of defendant's negligent construction and maintenance of its roadbed, bridges, trestles, tracks, and embankments in and around Kingfisher, Kingfisher County, Oklahoma. On or about August 12, 2008, defendant was served with plaintiffs' Interrogatories, Requests for Production, and Requests for Admissions. After receiving a number of extensions of time, on October 17, 2008, defendant sent its responses to plaintiffs' counsel's office.

II.    Motion to Compel

Plaintiffs contend that defendant's responses are woefully inadequate and move this Court to compel defendant to fully, adequately, and immediately provide complete and non-evasive answers to plaintiffs' interrogatories and to produce all documents in its custody and control that are responsive to plaintiffs' requests for production.  Defendant asserts that plaintiffs' discovery requests encompass documents on numerous topics that are either unlimited in the scope of time or limited to the past fifteen years and that it has produced, and continues to produce, the requested documents on an ongoing basis.

Initially, the Court would note that in their submissions, the parties provide very little specificity in their arguments and simply make general contentions regarding defendant's responses to the various discovery requests.  Further, in its response, defendant states that it has supplemented or will be supplementing nearly all of the discovery requests at issue.  Neither defendant nor plaintiffs, however, provide the Court with a copy of defendant's supplemental responses, and in their reply, plaintiffs do not specifically address the adequacy of defendant's supplementation. Finally, the Court would note that plaintiffs contend that many of defendant's responses to their requests for production are inadequate, but plaintiffs provide the Court with no information as to what specific documents were produced and what documents should have been produced.

In light of the above, the Court is unable to rule as to specific discovery requests but is only able to make some general findings/rulings.  First, the Court finds that a deadline should be established for defendant's supplemental responses and production of its privilege log.  Accordingly, the Court ORDERS defendant to provide its supplemental responses to plaintiffs' discovery requests and to produce its privilege log by February 23, 2009.  Second, the Court finds that the specific files

2

maintained by defendant on each one of its structures for the area at issue in this case appear to be relevant and should be produced by defendant.

III.   Motion for Protective Order

In its response to plaintiffs' motion to compel, defendant moves this Court to enter a protective order that prohibits plaintiffs from propounding discovery requests pertaining to defendant's financial condition.

Protective orders are governed by Federal Rule of Civil Procedure 26(c).  That rule provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> *               *               *
>
> (A) forbidding the disclosure or discovery;
>
> *               *               *
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . .

Fed. R. Civ. P. 26(c)(1).

The party seeking a protective order must show "good cause" for its request.  *Id.*; *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978).  "'Good cause' within the meaning of Rule 26(c) contemplates a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"  *Am. Benefit*, 87 F.R.D. at 543 (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

Having carefully reviewed the parties' submissions, the Court finds defendant has not shown good cause for its request for a protective order. Specifically, the Court finds defendant has not provided a particular and specific demonstration of fact justifying the need for a protective order. The Court further finds that, based upon the fact plaintiffs are seeking punitive damages in this case, defendant's financial condition is relevant and is a proper area of discovery. Finally, the Court finds plaintiffs' discovery requests regarding defendant's financial condition do not rise to the level of undue burden or expense warranting a protective order. Accordingly, the Court finds that defendant's motion for protective order should be denied.

IV.    Conclusion

For the reasons set forth above, the Court GRANTS plaintiffs' Motion to Compel Discovery Responses [docket no. 41] as follows: The Court ORDERS defendant to provide its supplemental responses to plaintiffs' discovery requests and to produce its privilege log by February 23, 2009. Further, the Court DENIES defendant's Motion for Protective Order [docket no. 42].

**IT IS SO ORDERED this 9th day of February, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE